**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

LOUIS MONK, Jr.,

      Plaintiff,

vs.

                                  **CASE NO.:**

TIFFANY MORRIS, individually and as an
officer of the City of Temple Terrace Police
Department; and the CITY OF TEMPLE
TERRACE, a municipal corporation,

      Defendants.

_____/

## DEFENDANT, TIFFANY MORRIS', PETITION FOR REMOVAL AND INCORPORATED MEMORANDUM OF LAW

The Petition of Defendant, TIFFANY MORRIS, for removal of this action from the Circuit Court in and for Hillsborough County, Florida to the United States District Court for the Middle District of Florida, respectfully show this Honorable Court:

1.      That Defendant/Petitioner, TIFFANY MORRIS, is named as a defendant in a 42 U.S.C. §1983 action filed in the Circuit Court in and for Hillsborough County, Florida entitled, "*LOUIS MONK, Jr. vs. TIFFANY MORRIS, individually and as an officer of the City of Temple Terrace Police Department; and the CITY OF TEMPLE TERRACE, a municipal corporation.*" A copy of the Summons and Complaint in that action is attached hereto as Exhibit "A."

2.      That the aforesaid action was commenced by service of process consisting of said Summons and the Complaint upon Defendant/Petitioner, TIFFANY MORRIS, on September 14, 2016. As such, this Petition for Removal is timely pursuant to 28 U.S.C.

§1446(b). The original action was initiated by Plaintiff for relief under the provisions of 42 U.S.C. §§1983 and 1988, and Florida common law.

3.     The present case involves a Plaintiff who alleges deprivation of his civil rights on or about January 12, 2015, *et al.*, in violation of constitutional rights afforded by the First, Fourth, Fifth and Fourteenth Amendments to United States Constitution under the provisions of 42 U.S.C. §§1983 and 1988.

4.     In compliance with 28 U.S.C. §1446(a), Defendant/Petitioner, TIFFANY MORRIS, is an officer of a governmental entity in and for the State of Florida, and as such is subject to the federal subject matter, original, or other jurisdiction of this Court.

5.     Pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343(a)(3) and (4), and 28 U.S.C. §1441(a) and (b), this civil action may be removed by these Defendants from state court to the United States District Court, Middle District of Florida, Tampa Division.

6.     That this petition is filed with this court within thirty (30) days after service upon Defendant/Petitioner, TIFFANY MORRIS, of the Summons and Complaint in the above-styled action on September 14, 2016, and is, therefore, timely pursuant to 28 U.S.C. §1446(b).

## MEMORANDUM OF LAW IN SUPPORT OF PETITION FOR REMOVAL

## STATEMENT OF THE CASE

The instant action originated as a Complaint by LOUIS MONK, Jr., against TIFFANY MORRIS and CITY OF TEMPLE TERRACE, alleging that Plaintiff was deprived of his civil rights under the United States Constitution, in violation of constitutional rights afforded by 42 U.S.C. §1983, and Florida common law.

## FEDERAL COURT JURISDICTION

This Court has jurisdiction over the present case pursuant to 28 U.S.C. §1331, 42 U.S.C. §1983, and 28 U.S.C. §1343(a)(3) and (4) and additionally, because Co-Defendant, CITY OF TEMPLE TERRACE, is a governmental entity in and for the State of Florida; as such, this case is subject to the federal subject matter, original, or other jurisdiction of this Court.

28 U.S.C. §1331 provides:

> The District Court shall have original jurisdiction over all civil actions arising under the Constitution, laws or treaties of the United States.

28 U.S.C. §1343(a)(3) and (4) provide that:

> (a) The District Court shall have original jurisdiction over any civil action authorized by law to be commenced by any person;

> (3) To redress the deprivation, under color of any state law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; [or]

> (4) To recover damages or to secure equitable or other relief under any act with Congress providing for the protection of civil rights, including the right to vote.

In the present case, Plaintiff seeks redress for the alleged deprivation of the civil rights of LOUIS MONK, Jr., conferred by certain Acts of Congress, specifically 42 U.S.C. §1983. As such, this Honorable Court has original jurisdiction pursuant to 28 U.S.C. §1343(a)(3) and (4).

## REMOVAL

The present action is properly removable to this court pursuant to 28 U.S.C. §1441 which states:

3

> (a)  Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the Defendant or Defendants to the District Court of the United States for the district or division embracing the place where such action is pending.
>
> (b)   Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

Due to the fact that the instant action is one over which the United States District Court for the Middle District of Florida would have both federal subject matter jurisdiction and original jurisdiction pursuant to 42 U.S.C. §1983, and 28 U.S.C. §1331 and 28 U.S.C. §1343(a)(3) and (4), the present action may be removed from its pending venue, the Circuit Court in and for Hillsborough County, Florida to the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. §1441.   28 U.S.C. §1446(a) provides:

> A Defendant or Defendants desiring to remove any civil action or criminal prosecution from a state court shall file in the District Court of the United States for which the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings and orders served upon such Defendant or Defendants in such action.

Defendant/Petitioner, TIFFANY MORRIS, has complied with the terms of 28 U.S.C. §1446(a) in that her Petition sets forth the facts showing that this court has original jurisdiction, that the case is subject to removal, and by attaching a copy of all process and pleadings and orders served upon her in this action.

## TIMELINESS OF REMOVAL

28 U.S.C. §1446(b) requires that any petition for removal of a civil action from a state court to federal district court be filed within thirty (30) days of receipt by any Defendant, through service or otherwise, of the initial complaint or pleadings setting forth the claim or claims for which relief is sought, or through which the action is brought. In the instant action, Defendant/Petitioner, TIFFANY MORRIS, was served with the Summons and Second Amended Complaint on September 14, 2016. As a result, Defendant/Petitioner, TIFFANY MORRIS, has timely petitioned this Honorable Court for removal of the instant cause, in compliance with 28 U.S.C. §1446(b).

## CONCLUSION

The instant action was brought pursuant to 42 U.S.C. §1983 for alleged violations of Plaintiff's civil rights under the United States Constitution. Defendant/Petitioner, TIFFNAY MORRIS is an officer of a governmental entity in and for the State of Florida. As a result, this Honorable Court has both federal question jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343(a)(3) and (4).

This cause became removable on September 14, 2016, when Defendant/Petitioner, TIFFANY MORRIS, was served with the Summons and Complaint. Following said service, Defendant/Petitioner, TIFFANY MORRIS, prepared a Petition for Removal pursuant to 28 U.S.C. §1446, and as a result, Defendants/Petitioners, TIFFANY MORRIS and CITY OF TEMPLE TERRACE, are entitled to remove this case from the Circuit Court in and for Hillsborough County, Florida to the United States District Court for the Middle District of Florida, Tampa Division.

5

WHEREFORE, Defendant/Petitioner, TIFFANY MORRIS, prays that the above-entitled action be removed from the Circuit Court in and for Hillsborough County, Florida to the United States District Court for the Middle District of Florida, Tampa Division.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of September, 2016, a true and correct copy of the foregoing was furnished via Federal Express to the Clerk of Court, U.S. Middle District of Florida, Tampa Division, Sam M. Gibbons U.S. Courthouse, 801 N. Florida Avenue, Tampa, Florida 33602, who will review, docket and furnish acknowledgment, notification and filed copies to counsel: wayne@koppellaw.net and cheree@koppellaw.net for Wayne Koppel, Esq., Koppel & Associates, P.A., 817 South University Drive, Suite 100, Plantation, Florida 33324 (counsel for Plaintiff); email@roperandroper.com and ddayes@roperandroper.com and cpridgen@roperandroper.com for Donovan A. Roper, Esq. and Andrew Dayes, Esq., Roper & Roper, P.A., 116 North Park Avenue, Apopka, Florida 32703 (counsel for Defendants).

DONOVAN A. ROPER, ESQUIRE
Florida Bar No. 0858544
ANDREW I. DAYES, ESQUIRE
Florida Bar No. 619116
**ROPER & ROPER, P.A.**
116 North Park Avenue
Apopka, FL 32703
Tel: 407-884-9944 // Fax: 407-884-4343
email@roperandroper.com
ddayes@roperandroper.com
cpridgen@roperandroper.com
Attorneys for DEFENDANTS

6

# EXHIBIT "A"

Filing # 46241495 E-Filed 09/09/2016 11:12:55 AM

IN THE CIRCUIT COURT OF THE 13TH JUDICIAL CIRCUIT, IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

CASE NO. **16-CA-8470**

LOUIS MONK, Jr.,

        Plaintiff,

vs.

TIFFANY MORRIS, individually and as an officer of the City of Temple Terrace Police Department; and the CITY OF TEMPLE TERRACE, a municipal corporation,

        Defendants.

_____/

Date ___9/14/16___

Time: ___11:11 AM___

Server: ___GB___

ID #: ___8356970___

## SUMMONS

THE STATE OF FLORIDA:

To All and Singular the Sheriffs of said State:

YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint, Interrogatories and Request for Production in this action on Defendant:

**OFFICER TIFFANY MORRIS**
**TEMPLE TERRACE POLICE DEPARTMENT**
**11250 N. 56TH STREET**
**TEMPLE TERRACE, FL  33617**

**IMPORTANT**

        A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint, Request for Admissions, Request to Produce and Interrogatories with the Clerk of this Court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service of a legal aid office (listed in the phone book).

        If you choose to file a written response yourself, at the same time you file your written response to the Court, you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.    Dated: September 12, 2016

**WAYNE S. KOPPEL**
**KOPPEL & ASSOCIATES, P.A.**
**Attorneys for Plaintiff**
**817 South University Drive, #100**
**Plantation, FL 33324**
**954/370-7878  Fax: 370-7849**
**See Reverse Side**

**PAT FRANK**
**CLERK OF CIRCUIT COURT**

BY: _____

**IMPORTANTE**

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentaria ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe prentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes intersadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales, si los desea puede usted consultar a un abogado inmediatamente. Si no concoce a un abogado, puede ilmar a una de las oficinas de asistencia legal que aparecen en la guia telefonica. Se desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

**IMPORTANT**

Des poursuites judiclares ont ete entreprises contre vous, Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour desposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez paz votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens puevent etre saisis par la suite, sans aucun preavis alterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir our expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

Filing # 46219587 E-Filed 09/08/2016 04:48:00 PM

IN THE CIRCUIT COURT OF THE 13TH
JUDICIAL CIRCUIT, IN AND FOR
HILLSBOROUGH COUNTY, FLORIDA

CASE NO.

LOUIS MONK, Jr.,

      Plaintiff,

vs.

TIFFANY MORRIS, individually and as an
officer of the City of Temple Terrace Police
Department; and the CITY OF TEMPLE
TERRACE, a municipal corporation,

      Defendants.

_____/

## COMPLAINT

COMES NOW the Plaintiff, LOUIS MONK, Jr., by and through his undersigned attorneys, and sues the Defendants, TIFFANY MORRIS, individually and as an officer of the City of Temple Terrace Police Department; and the CITY OF TEMPLE TERRACE, and alleges:

1. This is an action for money damages in excess of Fifteen Thousand ($15,000.00) Dollars, exclusive of costs, interest and/or attorney fees.

2. At all times material to this action, Plaintiff, LOUIS MONK, Jr., was a resident of Oakland County, Michigan, and is otherwise sui juris.

3. At all times material to this action, Defendant, TIFFANY MORRIS, was a police officer with the City of Temple Terrace Police Department and was acting individually and under color of State law, regulation, custom, or usage within the scope of her employment with the City of Temple Terrace Police Department, and is otherwise sui juris.

4. At all times material to this action, Defendant, TIFFANY MORRIS, was acting under color of law, to wit: under color of the statutes, ordinances, regulations, policies, customs and usage of the State of Florida and/or Hillsborough County and/or the City of Temple Terrace Police

Department, a sub-division of the Defendant, CITY OF TEMPLE TERRACE.

5. At all times material to this action, Defendant, CITY OF TEMPLE TERRACE, was a municipal entity organized under the laws of the State of Florida which provided law enforcement services to the City of Temple Terrace through its police department, and was acting under color of State law, regulation, custom or usage.

6. At all times material to this action, Defendant, CITY OF TEMPLE TERRACE, employed, Defendant, TIFFANY MORRIS, as a police officer in the City of Temple Terrace Police Department, and Defendant, TIFFANY MORRIS, was acting within the course and scope of her employment with the City of Temple Terrace Police Department.

7. On or about January 12, 2015, Plaintiff, LOUIS MONK, Jr., was arrested at his home in Michigan based upon an arrest warrant obtained by Defendants, TIFFANY MORRIS and CITY OF TEMPLE TERRACE, dated May 14, 2013, alleging that Plaintiff, LOUIS MONK, Jr., had committed multiple felonies including armed burglary of a dwelling with assault or battery (firearm-possess); robbery (firearm-possess) and possession of a firearm.

8. These felony charges stemmed from an alleged criminal act that took place on May 14, 2013 at the Sleep Inn Hotel located at 12282 Morris Bridge Road, Temple Terrace, Hillsborough County, Florida.

9. On that date it was alleged that an armed robbery had occurred at the premises with $10,000.00 cash being stolen by a large black male with a tattoo of "MONK" on his arm. The cash was allegedly removed from a bank vault bag by the perpetrator who left the bag behind.

10. The alleged victim of the alleged criminal act refused transportation to the hospital but her and her adult son later responded to the Temple Terrace Police Department where her son allegedly utilized a computer in the lobby of the department to identify the Plaintiff, LOUIS MONK, Jr., from a Hillsborough County arrest inquiries page.

-2-

11.    Based solely upon that alleged identification from the alleged victims, Defendants, TIFFANY MORRIS and CITY OF TEMPLE TERRACE, sought and obtained the arrest of Plaintiff, LOUIS MONK, Jr.

12.    At the time of the alleged criminal act in question, Plaintiff, LOUIS MONK, Jr., was living in the State of Michigan where he had lived for several years.

13.    At the time of the alleged criminal act in questions, and at all times material hereto, the Plaintiff, LOUIS MONK, Jr., has never had a tattoo on his body with the name " MONK".

14.    Defendants, TIFFANY MORRIS and CITY OF TEMPLE TERRACE, requested that the Florida Department of Law Enforcement conduct fingerprint testing on the bank vault bag recovered from the alleged crime scene.  The test results did not identify Plaintiff's finger prints on the bank vault bag.

15.    Plaintiff, LOUIS MONK, Jr.,was arrested on January 12, 2015 in Michigan. Thereafter, he was extradited to Hillsborough County, Florida where he remained incarcerated until September 3, 2015 when all of the criminal charges filed against him were nolle prossed.

16.    Prior to Plaintiff's, LOUIS MONK, Jr., arrest on January 12, 2015, Defendants, TIFFANY MORRIS and CITY OF TEMPLE TERRACE, had been informed that Plaintiff, LOUIS MONK, Jr., was not the individual who had committed this alleged criminal act and were informed that Plaintiff, LOUIS MONK, Jr., was residing in the State of Michigan at the time of the alleged incident and had not been in the State of Florida in many years.

17.    Despite, being provided with that information, Defendants, TIFFANY MORRIS and CITY OF TEMPLE TERRACE, still continued with the arrest and prosecution of Plaintiff, LOUIS MONK, Jr.

18.    In addition, Defendants, TIFFANY MORRIS and CITY OF TEMPLE TERRACE, were also informed that Plaintiff, LOUIS MONK, Jr., did not fit the description of the alleged

-3-

assailant and did not have a "MONK" tattoo.

19.     Despite being provided with this information, Defendants, TIFFANY MORRIS and CITY OF TEMPLE TERRACE, still continued with the arrest and prosecution of Plaintiff, LOUIS MONK, Jr.

20.     Without lawful authority, Defendants, TIFFANY MORRIS and CITY OF TEMPLE TERRACE, arrested Plaintiff, LOUIS MONK, Jr., for crimes that he did not commit, then initiated and continued prosecution against him.

21.     After being arrested for these crimes that he did not commit, Plaintiff, LOUIS MONK, Jr., remained incarcerated for almost nine (9) months until the charges were nolle prossed. The arrest and incarceration of Plaintiff, LOUIS MONK, Jr., was without legal or probable cause.

22.     While incarcerated, Plaintiff, LOUIS MONK, Jr., was subjected multiple times to handcuffing, booking and unreasonable searches, all without legal or probable cause.

23.     Ultimately, there was a favorable determination in Plaintiff, LOUIS MONK, Jr's, favor, of all criminal charges brought against him as the Hillsborough County State Attorney filed a nolle prosse as to all criminal charges initiated and continued against him by Defendants, TIFFANY MORRIS and CITY OF TEMPLE TERRACE.

24.     Plaintiff, LOUIS MONK, Jr., was caused to incur attorney's fees to defend against the unlawful malicious prosecution by Defendants, TIFFANY MORRIS and CITY OF TEMPLE TERRACE, and has suffered serious and significant economic and non-economic damages as a result.

COUNT I – FALSE ARREST (FALSE IMPRISONMENT)
AGAINST TIFFANY MORRIS

25.     Paragraphs 1 through 24 are incorporated herein by reference.

26.     Plaintiff, LOUIS MONK, Jr., was wrongfully restrained and unlawfully detained against his will because of the unlawful actions of the Defendant, TIFFANY MORRIS.

-4-

27.    The restraint of the Plaintiff, LOUIS MONK, Jr., by Defendant, TIFFANY MORRIS, was unreasonable and unwarranted by the circumstances, and was done without probable cause, legal cause, or arguable probable cause, and without the consent of Plaintiff, LOUIS MONK, Jr.

28.    Defendant, TIFFANY MORRIS, was acting within the course and scope of her employment with the City of Temple Terrace Police Department, a sub-division of the CITY OF TEMPLE TERRACE, when he caused the unreasonable restraint and unlawful detention of Plaintiff, LOUIS MONK, Jr.

29.    At all times material to this action, Defendant, TIFFANY MORRIS, knew or should have known that Plaintiff, LOUIS MONK, Jr., had done nothing illegal, yet unlawfully restrained and falsely imprisoned him, without his consent.

30.    Based upon her direct procurement in the arrest, restraint, and detention of the Plaintiff, LOUIS MONK, Jr., Defendant, TIFFANY MORRIS, has personally participated in and has proximately caused the false imprisonment and unlawful detention of the Plaintiff, LOUIS MONK, Jr.

31.    The actions of the Defendant, TIFFANY MORRIS, were taken in bad faith, with a malicious purpose, and/or in a manner exhibiting a wanton and willful disregard of human rights, safety, or property.

32.    As a direct and proximate result of the false arrest and/or false imprisonment, Plaintiff, LOUIS MONK, Jr., has sustained pain and suffering, disability, disfigurement, mental anguish, scarring, embarrassment, humiliation, lost wages, loss of earning capacity, damage to his good name and reputation, and loss of capacity for the enjoyment of life. These losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff demands judgment against Defendant, TIFFANY MORRIS, for damages in excess of Fifteen Thousand ($15,000.00) Dollars, and for such further relief as the Court deems appropriate in the circumstances.

-5-

## COUNT II - MALICIOUS PROSECUTION CLAIM
## AGAINST DEFENDANT, TIFFANY MORRIS

33. Paragraphs 1 through 24 are incorporated herein by reference.

34. On or about January 12, 2015, Defendant, TIFFANY MORRIS, intentionally instituted, commenced and continued, without legal cause, a criminal proceeding against the Plaintiff, LOUIS MONK, Jr., by filing inaccurate police reports and probable cause affidavits, obtaining an arrest warrant and continuing to seek enforcement of the arrest warrant after being provided with information as to Plaintiff's innocence.

35. There was a favorable and bona fide termination of that criminal proceeding in favor of the Plaintiff, LOUIS MONK, Jr.

36. The actions of Defendant, TIFFANY MORRIS, were taken without legal or probable cause and in bad faith, with a malicious purpose, and/or in a manner exhibiting a wanton and willful disregard of human rights, safety, or property.

37. As a result of the malicious prosecution, Plaintiff, LOUIS MONK, Jr., suffered damages, including payment of attorney's fees.

38. As a direct and proximate result of Defendant's malicious prosecution, Plaintiff, LOUIS MONK, Jr., has incurred expenses for attorney's fees and has sustained pain and suffering, disability, disfigurement, mental anguish, scarring, embarrassment, humiliation, lost wages, loss of earning capacity, damage to his good name and reputation, and loss of capacity for the enjoyment of life. These losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff demands judgment against Defendant, TIFFANY MORRIS, for damages in excess of Fifteen Thousand ($15,000.00) Dollars, and for such further relief as the Court deems appropriate in the circumstances.

## COUNT III - FALSE ARREST/FALSE IMPRISONMENT AGAINST

-6-

## DEFENDANT, CITY OF TEMPLE TERRACE

39.     Paragraphs 1 through 24 are incorporated herein by reference.

40.     As a condition preceding the filing of this action, Plaintiff, ARBEN BAJRA, has filed Notice with the Defendant, CITY OF TEMPLE TERRACE, and the Florida Department of Insurance, pursuant to the provisions of Florida Statute §768.28 (Exhibit "A").

41.     Plaintiff, LOUIS MONK, Jr., was wrongfully restrained and unlawfully detained against his will because of the unlawful actions of the Defendant, TIFFANY MORRIS.

42.     The restraint of Plaintiff, LOUIS MONK, Jr., by Defendant, TIFFANY MORRIS, was unreasonable and unwarranted by the circumstances, and was done without probable cause, legal cause, or arguable probable cause, and without the consent of the Plaintiff, LOUIS MONK, Jr..

43.     Defendant, TIFFANY MORRIS, was acting within the course and scope of her employment with the City of Temple Terrace Police Department, a sub-division of the Defendant, CITY OF TEMPLE TERRACE, when he caused the unreasonable restrain and unlawful detention of Plaintiff, LOUIS MONK, Jr.

44.     At all times material hereto, Defendant, TIFFANY MORRIS, knew or should have known Plaintiff, LOUIS MONK, Jr., had done nothing illegal, yet unlawfully restrained and falsely imprisoned him without his consent.

45.     Based upon her direct procurement in the arrest, restraint and detention of the Plaintiff, LOUIS MONK, Jr., Defendant, TIFFANY MORRIS, has personally participated in and has proximately caused the false imprisonment and unlawful detention of the Plaintiff, LOUIS MONK, Jr.

46.     As a State agency, Defendant, CITY OF TEMPLE TERRACE, is liable pursuant to Florida Statute §768.28 and Richardson v. City of Pompano Beach, 511 so.2d 1121 (Fla. 4DCA 1987) for the wrongful, tortious acts of Defendant, TIFFANY MORRIS, described above, which acts

–7–

were performed while Defendant, TIFFANY MORRIS, was acting under the employment directions of the City of Temple Terrace Police Department, a sub-division of THE CITY OF TEMPLE TERRACE, and within the course and scope of her employment. These actions include, but are not limited to, the false arrest and false imprisonment of Plaintiff, LOUIS MONK, Jr.

47.     As a result of the wrongful acts and omissions of the Defendant, CITY OF TEMPLE TERRACE, and its agents, employees and/or servants, as fully described above, Plaintiff, LOUIS MONK, Jr., has sustained pain and suffering, disability, disfigurement, mental anguish, scarring, embarrassment, humiliation, lost wages, loss of earning capacity, damage to his good name and reputation, and loss of capacity for the enjoyment of life. These losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff demands judgment against Defendant, CITY OF TEMPLE TERRACE, for damages in excess of Fifteen Thousand ($15,000.00) Dollars, and for such further relief as the Court deems appropriate in the circumstances.

### COUNT IV - 42 U.S.C §1983 CLAIM AGAINST DEFENDANT, TIFFANY MORRIS

48.     Paragraphs 1-38 are incorporated herein by reference.

49.     The actions of Defendant, TIFFANY MORRIS, violated the following clearly established and well settled Federal constitutional rights of the Plaintiff, LOUIS MONK, Jr., including but not limited to his First, Fourth, Fifth and Fourteenth Amendment Rights:

      (1)    Freedom from the unreasonable seizure of his person;

      (2)    Freedom from a deprivation of his liberty without due process of law;

      (3)    Freedom from the use of perjured testimony;

      (4)    Freedom from the use of perjured police reports and affidavits;

      (5)    Freedom from arrest without probable cause; and/or

-8-

        (6)     Freedom from unlawful and/or malicious prosecution.

50.     Pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, Plaintiff, LOUIS MONK, Jr., is entitled to recover his attorneys fees and costs from Defendant, TIFFANY MORRIS.

51.     As a direct and proximate result of the foregoing, Plaintiff, LOUIS MONK, Jr., has sustained pain and suffering, disability, disfigurement, mental anguish, scarring, embarrassment, humiliation, lost wages, loss of earning capacity, damage to his good name and reputation, and loss of capacity for the enjoyment of life. These losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff demands judgment against Defendant, TIFFANY MORRIS, for damages in excess of Fifteen Thousand ($15,000.00) Dollars, attorney's fees and costs for the prosecution of this action, and for such further relief as the Court deems appropriate in the circumstances.

PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE AS A MATTER OF RIGHT BY A JURY.

> KOPPEL & ASSOCIATES, P.A.
> Attorneys for Plaintiff
> 817 South University Drive, #100
> Plantation, FL 33324
> 954/370-7878/Fax: 954/370-7849
>
> WAYNE S. KOPPEL
> FLA. BAR NO. 699543
> E-mail: service@koppellaw.net
>           Wayne@koppellaw.net