Filing # 46219587 E-Filed 09/08/2016 04:48:00 PM

IN THE CIRCUIT COURT OF THE 13TH JUDICIAL CIRCUIT, IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

CASE NO.

LOUIS MONK, Jr.,

        Plaintiff,

vs.

TIFFANY MORRIS, individually and as an officer of the City of Temple Terrace Police Department; and the CITY OF TEMPLE TERRACE, a municipal corporation,

        Defendants.

_____/

## COMPLAINT

COMES NOW the Plaintiff, LOUIS MONK, Jr., by and through his undersigned attorneys, and sues the Defendants, TIFFANY MORRIS, individually and as an officer of the City of Temple Terrace Police Department; and the CITY OF TEMPLE TERRACE, and alleges:

1.      This is an action for money damages in excess of Fifteen Thousand ($15,000.00) Dollars, exclusive of costs, interest and/or attorney fees.

2.      At all times material to this action, Plaintiff, LOUIS MONK, Jr., was a resident of Oakland County, Michigan, and is otherwise sui juris.

3.      At all times material to this action, Defendant, TIFFANY MORRIS, was a police officer with the City of Temple Terrace Police Department and was acting individually and under color of State law, regulation, custom, or usage within the scope of her employment with the City of Temple Terrace Police Department, and is otherwise sui juris.

4.      At all times material to this action, Defendant, TIFFANY MORRIS, was acting under color of law, to wit: under color of the statutes, ordinances, regulations, policies, customs and usage of the State of Florida and/or Hillsborough County and/or the City of Temple Terrace Police

Department, a sub-division of the Defendant, CITY OF TEMPLE TERRACE.

5. At all times material to this action, Defendant, CITY OF TEMPLE TERRACE, was a municipal entity organized under the laws of the State of Florida which provided law enforcement services to the City of Temple Terrace through its police department, and was acting under color of State law, regulation, custom or usage.

6. At all times material to this action, Defendant, CITY OF TEMPLE TERRACE, employed, Defendant, TIFFANY MORRIS, as a police officer in the City of Temple Terrace Police Department, and Defendant, TIFFANY MORRIS, was acting within the course and scope of her employment with the City of Temple Terrace Police Department.

7. On or about January 12, 2015, Plaintiff, LOUIS MONK, Jr., was arrested at his home in Michigan based upon an arrest warrant obtained by Defendants, TIFFANY MORRIS and CITY OF TEMPLE TERRACE, dated May 14, 2013, alleging that Plaintiff, LOUIS MONK, Jr., had committed multiple felonies including armed burglary of a dwelling with assault or battery (firearm-possess); robbery (firearm-possess) and possession of a firearm.

8. These felony charges stemmed from an alleged criminal act that took place on May 14, 2013 at the Sleep Inn Hotel located at 12282 Morris Bridge Road, Temple Terrace, Hillsborough County, Florida.

9. On that date it was alleged that an armed robbery had occurred at the premises with $10,000.00 cash being stolen by a large black male with a tattoo of "MONK" on his arm. The cash was allegedly removed from a bank vault bag by the perpetrator who left the bag behind.

10. The alleged victim of the alleged criminal act refused transportation to the hospital but her and her adult son later responded to the Temple Terrace Police Department where her son allegedly utilized a computer in the lobby of the department to identify the Plaintiff, LOUIS MONK, Jr., from a Hillsborough County arrest inquiries page.

-2-

11.     Based solely upon that alleged identification from the alleged victims, Defendants, TIFFANY MORRIS and CITY OF TEMPLE TERRACE, sought and obtained the arrest of Plaintiff, LOUIS MONK, Jr.

12.     At the time of the alleged criminal act in question, Plaintiff, LOUIS MONK, Jr., was living in the State of Michigan where he had lived for several years.

13.     At the time of the alleged criminal act in questions, and at all times material hereto, the Plaintiff, LOUIS MONK, Jr., has never had a tattoo on his body with the name " MONK".

14.     Defendants, TIFFANY MORRIS and CITY OF TEMPLE TERRACE, requested that the Florida Department of Law Enforcement conduct fingerprint testing on the bank vault bag recovered from the alleged crime scene.  The test results did not identify Plaintiff's finger prints on the bank vault bag.

15.     Plaintiff, LOUIS MONK, Jr.,was arrested on January 12, 2015 in Michigan. Thereafter, he was extradited to Hillsborough County, Florida where he remained incarcerated until September 3, 2015 when all of the criminal charges filed against him were nolle prossed.

16.     Prior to Plaintiff's, LOUIS MONK, Jr., arrest on January 12, 2015, Defendants, TIFFANY MORRIS and CITY OF TEMPLE TERRACE, had been informed that Plaintiff, LOUIS MONK, Jr., was not the individual who had committed this alleged criminal act and were informed that Plaintiff, LOUIS MONK, Jr., was residing in the State of Michigan at the time of the alleged incident and had not been in the State of Florida in many years.

17.     Despite, being provided with that information, Defendants, TIFFANY MORRIS and CITY OF TEMPLE TERRACE, still continued with the arrest and prosecution of Plaintiff, LOUIS MONK, Jr.

18.     In addition, Defendants, TIFFANY MORRIS and CITY OF TEMPLE TERRACE, were also informed that Plaintiff, LOUIS MONK, Jr., did not fit the description of the alleged

assailant and did not have a "MONK" tattoo.

19.     Despite being provided with this information, Defendants, TIFFANY MORRIS and CITY OF TEMPLE TERRACE, still continued with the arrest and prosecution of Plaintiff, LOUIS MONK, Jr.

20.     Without lawful authority, Defendants, TIFFANY MORRIS and CITY OF TEMPLE TERRACE, arrested Plaintiff, LOUIS MONK, Jr., for crimes that he did not commit, then initiated and continued prosecution against him.

21.     After being arrested for these crimes that he did not commit, Plaintiff, LOUIS MONK, Jr., remained incarcerated for almost nine (9) months until the charges were nolle prossed. The arrest and incarceration of Plaintiff, LOUIS MONK, Jr., was without legal or probable cause.

22.     While incarcerated, Plaintiff, LOUIS MONK, Jr., was subjected multiple times to handcuffing, booking and unreasonable searches, all without legal or probable cause.

23.     Ultimately, there was a favorable determination in Plaintiff, LOUIS MONK, Jr's, favor, of all criminal charges brought against him as the Hillsborough County State Attorney filed a nolle prosse as to all criminal charges initiated and continued against him by Defendants, TIFFANY MORRIS and CITY OF TEMPLE TERRACE.

24.     Plaintiff, LOUIS MONK, Jr., was caused to incur attorney's fees to defend against the unlawful malicious prosecution by Defendants, TIFFANY MORRIS and CITY OF TEMPLE TERRACE, and has suffered serious and significant economic and non-economic damages as a result.

### COUNT I – FALSE ARREST (FALSE IMPRISONMENT) AGAINST TIFFANY MORRIS

25.     Paragraphs 1 through 24 are incorporated herein by reference.

26.     Plaintiff, LOUIS MONK, Jr., was wrongfully restrained and unlawfully detained against his will because of the unlawful actions of the Defendant, TIFFANY MORRIS.

-4-

27.     The restraint of the Plaintiff, LOUIS MONK, Jr., by Defendant, TIFFANY MORRIS, was unreasonable and unwarranted by the circumstances, and was done without probable cause, legal cause, or arguable probable cause, and without the consent of Plaintiff, LOUIS MONK, Jr.

28.     Defendant, TIFFANY MORRIS, was acting within the course and scope of her employment with the City of Temple Terrace Police Department, a sub-division of the CITY OF TEMPLE TERRACE, when he caused the unreasonable restraint and unlawful detention of Plaintiff, LOUIS MONK, Jr.

29.     At all times material to this action, Defendant, TIFFANY MORRIS, knew or should have known that Plaintiff, LOUIS MONK, Jr., had done nothing illegal, yet unlawfully restrained and falsely imprisoned him, without his consent.

30.     Based upon her direct procurement in the arrest, restraint, and detention of the Plaintiff, LOUIS MONK, Jr., Defendant, TIFFANY MORRIS, has personally participated in and has proximately caused the false imprisonment and unlawful detention of the Plaintiff, LOUIS MONK, Jr.

31.     The actions of the Defendant, TIFFANY MORRIS, were taken in bad faith, with a malicious purpose, and/or in a manner exhibiting a wanton and willful disregard of human rights, safety, or property.

32.     As a direct and proximate result of the false arrest and/or false imprisonment, Plaintiff, LOUIS MONK, Jr., has sustained pain and suffering, disability, disfigurement, mental anguish, scarring, embarrassment, humiliation, lost wages, loss of earning capacity, damage to his good name and reputation, and loss of capacity for the enjoyment of life. These losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff demands judgment against Defendant, TIFFANY MORRIS, for damages in excess of Fifteen Thousand ($15,000.00) Dollars, and for such further relief as the Court deems appropriate in the circumstances.

-5-

## COUNT II - MALICIOUS PROSECUTION CLAIM
## AGAINST DEFENDANT, TIFFANY MORRIS

33.    Paragraphs 1 through 24 are incorporated herein by reference.

34.    On or about January 12, 2015, Defendant, TIFFANY MORRIS, intentionally instituted, commenced and continued, without legal cause, a criminal proceeding against the Plaintiff, LOUIS MONK, Jr., by filing inaccurate police reports and probable cause affidavits, obtaining an arrest warrant and continuing to seek enforcement of the arrest warrant after being provided with information as to Plaintiff's innocence.

35.    There was a favorable and bona fide termination of that criminal proceeding in favor of the Plaintiff, LOUIS MONK, Jr.

36.    The actions of Defendant, TIFFANY MORRIS, were taken without legal or probable cause and in bad faith, with a malicious purpose, and/or in a manner exhibiting a wanton and willful disregard of human rights, safety, or property.

37.    As a result of the malicious prosecution, Plaintiff, LOUIS MONK, Jr., suffered damages, including payment of attorney's fees.

38.    As a direct and proximate result of Defendant's malicious prosecution, Plaintiff, LOUIS MONK, Jr., has incurred expenses for attorney's fees and has sustained pain and suffering, disability, disfigurement, mental anguish, scarring, embarrassment, humiliation, lost wages, loss of earning capacity, damage to his good name and reputation, and loss of capacity for the enjoyment of life.  These losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff demands judgment against Defendant, TIFFANY MORRIS, for damages in excess of Fifteen Thousand ($15,000.00) Dollars, and for such further relief as the Court deems appropriate in the circumstances.

## COUNT III - FALSE ARREST/FALSE IMPRISONMENT AGAINST

-6-

## DEFENDANT, CITY OF TEMPLE TERRACE

39.    Paragraphs 1 through 24 are incorporated herein by reference.

40.    As a condition preceding the filing of this action, Plaintiff, ARBEN BAJRA, has filed Notice with the Defendant, CITY OF TEMPLE TERRACE, and the Florida Department of Insurance, pursuant to the provisions of Florida Statute §768.28 (Exhibit "A").

41.    Plaintiff, LOUIS MONK, Jr., was wrongfully restrained and unlawfully detained against his will because of the unlawful actions of the Defendant, TIFFANY MORRIS.

42.    The restraint of Plaintiff, LOUIS MONK, Jr., by Defendant, TIFFANY MORRIS, was unreasonable and unwarranted by the circumstances, and was done without probable cause, legal cause, or arguable probable cause, and without the consent of the Plaintiff, LOUIS MONK, Jr..

43.    Defendant, TIFFANY MORRIS, was acting within the course and scope of her employment with the City of Temple Terrace Police Department, a sub-division of the Defendant, CITY OF TEMPLE TERRACE, when he caused the unreasonable restrain and unlawful detention of Plaintiff, LOUIS MONK, Jr.

44.    At all times material hereto, Defendant, TIFFANY MORRIS, knew or should have known Plaintiff, LOUIS MONK, Jr., had done nothing illegal, yet unlawfully restrained and falsely imprisoned him without his consent.

45.    Based upon her direct procurement in the arrest, restraint and detention of the Plaintiff, LOUIS MONK, Jr., Defendant, TIFFANY MORRIS, has personally participated in and has proximately caused the false imprisonment and unlawful detention of the Plaintiff, LOUIS MONK, Jr.

46.    As a State agency, Defendant, CITY OF TEMPLE TERRACE, is liable pursuant to Florida Statute §768.28 and Richardson v. City of Pompano Beach, 511 so.2d 1121 (Fla. 4DCA 1987) for the wrongful, tortious acts of Defendant, TIFFANY MORRIS, described above, which acts

-7-

were performed while Defendant, TIFFANY MORRIS, was acting under the employment directions of the City of Temple Terrace Police Department, a sub-division of THE CITY OF TEMPLE TERRACE, and within the course and scope of her employment. These actions include, but are not limited to, the false arrest and false imprisonment of Plaintiff, LOUIS MONK, Jr.

47.     As a result of the wrongful acts and omissions of the Defendant, CITY OF TEMPLE TERRACE, and its agents, employees and/or servants, as fully described above, Plaintiff, LOUIS MONK, Jr., has sustained pain and suffering, disability, disfigurement, mental anguish, scarring, embarrassment, humiliation, lost wages, loss of earning capacity, damage to his good name and reputation, and loss of capacity for the enjoyment of life. These losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff demands judgment against Defendant, CITY OF TEMPLE TERRACE, for damages in excess of Fifteen Thousand ($15,000.00) Dollars, and for such further relief as the Court deems appropriate in the circumstances.

### COUNT IV - 42 U.S.C §1983 CLAIM AGAINST DEFENDANT, TIFFANY MORRIS

48.     Paragraphs 1-38 are incorporated herein by reference.

49.     The actions of Defendant, TIFFANY MORRIS, violated the following clearly established and well settled Federal constitutional rights of the Plaintiff, LOUIS MONK, Jr., including but not limited to his First, Fourth, Fifth and Fourteenth Amendment Rights:

(1)     Freedom from the unreasonable seizure of his person;

(2)     Freedom from a deprivation of his liberty without due process of law;

(3)     Freedom from the use of perjured testimony;

(4)     Freedom from the use of perjured police reports and affidavits;

(5)     Freedom from arrest without probable cause; and/or

-8-

(6)     Freedom from unlawful and/or malicious prosecution.

50.     Pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, Plaintiff, LOUIS MONK, Jr., is entitled to recover his attorneys fees and costs from Defendant, TIFFANY MORRIS.

51.     As a direct and proximate result of the foregoing, Plaintiff, LOUIS MONK, Jr., has sustained pain and suffering, disability, disfigurement, mental anguish, scarring, embarrassment, humiliation, lost wages, loss of earning capacity, damage to his good name and reputation, and loss of capacity for the enjoyment of life.  These losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff demands judgment against Defendant, TIFFANY MORRIS, for damages in excess of Fifteen Thousand ($15,000.00) Dollars, attorney's fees and costs for the prosecution of this action, and for such further relief as the Court deems appropriate in the circumstances.

PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE AS A MATTER OF RIGHT BY A JURY.

KOPPEL & ASSOCIATES, P.A.
Attorneys for Plaintiff
817 South University Drive, #100
Plantation, FL 33324
954/370-7878/Fax: 954/370-7849

WAYNE S. KOPPEL
FLA. BAR NO. 699543
E-mail: service@koppellaw.net
        Wayne@koppellaw.net